**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marcus Silving, et al., | No. CV-11-00676-PHX-DGC |
| Plaintiffs, | **ORDER** |
| vs. | |
| Wells Fargo Bank, NA, et al., | |
| Defendants. | |

Plaintiffs filed a motion for reconsideration of the Court's order on February 7, 2012 denying their application for a stay pending appeal. Doc. 75; *see* Doc. 73. Plaintiffs argue that the Court erred because it based its denial on Federal Rule of Civil Procedure 62(c) and Plaintiffs applied for a stay under Rule 62(d). Doc. 75 at 1. Plaintiffs also argue that they are entitled to a stay under Rule 62(c). *Id.* at 7.

Motions for reconsideration "are 'disfavored' and will be granted only upon a showing of 'manifest error' or 'new facts or legal authority that could not have been raised earlier with reasonable diligence.' " *In re Rosson*, 545 F.3d 764, 769 (9th Cir. 2008) (citation and brackets omitted); *see S.E.C. v. Kuipers*, No. 09-36016, 2010 WL 3735788, at *3 (9th Cir. Sept. 21, 2010); LRCiv 7.2(g)(1). Plaintiffs do not meet this standard.

Plaintiffs have not shown that the Court erred when it applied Rule 62(c). Rule 62(c) applies when a final judgment "grants, dissolves, or denies an injunction." Fed. R. Civ. P. 62(c). That is exactly the situation presented here. On May 17, 2011, the Court granted Plaintiffs' request for a temporary restraining order ("TRO"), enjoining a state

court eviction proceeding while Plaintiffs pursued a number of claims related to the foreclosure and trustee sale of Plaintiffs' home. Doc. 23. The order was to remain in effect until the Court ruled on Defendants' motion to dismiss. *See Id.* at 1. The Court's order of January 18, 2012 effectively terminated Plaintiff's TRO. Thus, the Court correctly construed Plaintiffs' application for a stay as a request under Rule 62(c) "to restore or grant an injunction" pending appeal. *See* Fed. R. Civ. P. 62(c). Plaintiffs' own statement in their application was that "[a]lthough this Court did not address its Temporary Restraining Order . . . in the Dismissal Order, Plaintiffs/Appellants seek a stay of the effect of the Dismissal Order while Planitiffs/Appellants exercise their rights on appeal." Doc. 68 at 2

Plaintiffs also have not shown that the Court's analysis was in error. The Court applied the same standard for Plaintiffs' stay application that applies to a request for a preliminary injunction (s*ee* Doc. 73) (citing *In Re South LLC*, 2011 WL6019279 at *1 (D. Ariz. Dec. 5, 2011)), and the Court concluded for the reasons already set forth in its order dismissing this case that "Plaintiff[s] cannot show a probability of success on the merits or a fair chance of success on the merits" (Doc. 73 at 2). Plaintiffs do not address how the Court erred in this analysis. Rather, Plaintiffs re-urge the same arguments the Court already addressed at length in its dismissal order. Mere disagreement with an order is not a sufficient basis for reconsideration. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. 2008). Nor should reconsideration be used to ask the Court to rethink its analysis. *Id.*; *see N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

Plaintiffs also fail to show that they are entitled to a stay under Rule 62(d). Rule 62(d) applies to a stay of judgment pending appeal by the posting of a bond. *See* Fed. R. Civ. P. 62(d). Plaintiffs cite cases showing that this rule applies to mortgage foreclosure judgments in the same way that it applies to money judgments. Doc. 75 at 4-5; *see, e.g.*, *United States v. Mansion House Ctr. Redevelopment Co.*, 682 F.Supp. 466, 450 (E.D. Mo. 1988). Plaintiff also cites *Hacklin v. Superior Court*, 432 P.2d 420, 421

(Ariz. 1967), showing that the posting of a bond can be used to stay foreclosure proceedings under Arizona law. Doc. 75 at 5. But this Court has not entered a judgment against Plaintiffs. The Court simply dismissed Plaintiffs complaint. As the case law cited by Plaintiffs amply demonstrates, if Plaintiffs seek to have a state court foreclosure or eviction proceeding stayed against them, the proper place to pursue that action is in the court that entered that judgment.

**IT IS ORDERED** that Plaintiffs' motion for reconsideration of its application for stay pending appeal (Doc. 75) is **denied**.

Dated this 9th day of March, 2012.

_____
David G. Campbell
United States District Judge